*Court of Quarter Sessions, Dauphin County, May 16th*, 1859.

IN THE MATTER OF THE REPORT OF VIEWERS TO ASSESS DAMAGES SUSTAINED BY D. R. PORTER, BY THE WIDEN-ING OF STATE STREET IN THE BOROUGH OF HARRISBURG.

Viewers have no right to give damages for any injury not set forth in the peti-tion of the party injured, nor for any done more than one year before the presenting of the petition. The general statute of limitation also applies to such claims.

BY THE COURT.—In the year 1858, an act of the legislature authorized State Street, in the borough of Harrisburg, to be widened sixty feet on the south side, so as to make a continuous street of the width of one hundred and twenty feet to the borough line on the east. Prior to that time State Street was of the width of one hundred and twenty feet to the canal, and some ten years since was continued on east to the present line of the borough, of the width of sixty feet, by a continuous line on the north side of State Street. In extending that line the street of sixty feet in width passed through the land of Governor Porter, but he never claimed damages therefor, at least never petitioned for or had them as-sessed. Widening the street on the south side infringed on his soil by cutting off a long strip near ten feet in width, but on the other hand giving a front to the same property on that street for about five hundred feet. This lot had been previously hemmed in, having no front of any value. A petition was presented at August sessions, 1858, asking compensation for the injuries done on account of widening State Street under the act of 1858, and viewers were appointed, damages were assessed at $500, and re-ported to the court. It seems that when the viewers met, Governor Porter claimed damages on account of extending State Street some ten years since, as well as for that sustained recently, and from the evidence of the viewers, it appears that they considered the property uninjured, and rather benefited by the widening of State Street on the south, but injured by the former extensions and original opening on the street, for which the owner was entitled to damages, and for that injury they awarded him $500. Several insuperable legal objections exist to this report. First. The viewers have given damages for an injury not set forth or claimed in the petition. The petitioner asks to be compensated for injury done to his property by extending State Street on the south side, under the act of 1858, and the viewers have given damages for an entirely different injury. Second. They have awarded damages for an alleged injury, which has lain dormant for ten years, and the claim long since barred by the statute of limitations.; for whether demanded under the general road law, or that relating to laying out and opening streets in this borough, it is equally barred. The

[George et al. *v.* Lawrence.]

petition must be presented within one year after the road is opened through the land of the petitioner.

Even if no express limitations were fixed by law, the general statute would bar the claim. We decided in Foster *v.* The Cumberland Valley Railroad Company, that the analogies of the statute extended to a case where there was no limitation in terms. That neither trespass nor case would lie after six years. Here the injury, if any, was done ten years since, had never been judicially claimed before, was not claimed now in the petition, and should have been rejected.

The report must be set aside.